UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALLSTATE INSURANCE CO. , a/s/o JOANNE
C. PARENTE,

                          Plaintiff,                          **ORDER**
                                                                                                      CV 05-4135 (DRH) (ARL)
          -against-

VV PLUMBING & HEATING,

                          Defendant.
-----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Defendant moves by letter application dated June 12, 2007 for an order compelling the plaintiff, Allstate Insurance Company, to produce any manuals for claims handling guidelines used by Allstate's adjusters in connection with the handling and/or resolution of first party property damage claims, including, but not limited to claims for alternate living expenses. Defendant asserts that Allstate's adjustor testified at his deposition that Allstate arranged to have the insured, Joanne Parente, stay at a hotel at the rate of approximately $4,500 per month for the entire duration that she was displaced from her home. Defendant represents that the adjuster indicated in an "off the record" discussion that it is Allstate's common practice, pursuant to its claims manual, to provide alternate living expense payments consistent with the insured's standard of living at the time of the loss. Because Allstate seeks to recover these damages from the defendant in this action, together with the fact that the alternate living expenses paid to the insured were more than double her normal monthly living expenses, the defendant asserts that the manuals are relevant and therefore discoverable.

      Plaintiff opposes the application by letter dated June 20, 2007.[1] Plaintiff contends that the manuals are proprietary and contain trade secrets of Allstate. In addition, Allstate argues that the manuals are irrelevant because the procedures followed by Allstate's adjusters in adjusting the claim with its insured are not relevant to the damages potentially owed by the defendant in this case based on the alleged actions of the defendant in causing the fire.

      To the extent that the defendant has proffered a basis for arguing that Allstate paid living expenses that were either not covered or not properly adjusted under the policy, it may obtain discovery limited to those policies and procedures. As an accommodation to the plaintiff's concern about disclosing its proprietary materials containing trade secrets, although the defendant

---

[1] The plaintiff's opposition is timely given the court's June 14, 2007 order. In addition, the defendant's unauthorized reply letter dated June 22, 2007 has not been considered by the court.

here is not a competitor of the plaintiff, the manuals shall be marked confidential and are to be produced for attorneys eyes only.

Dated: Central Islip, New York
June 25, 2007

**SO ORDERED:**

/s/

_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge